**William H. GROSS, etc., Plaintiffs,**

v.

**BARNETT BANKS, INC., etc.,
et al., Defendants.**

**No. 93–1367–Civ–J–20.**

United States District Court,
M.D. Florida,
Jacksonville Division.

Nov. 22, 1995.

---

Gerald Frederick Richman, Robert C. Levine, Floyd, Pearson, Richman, Greer, Weil, Brumbaugh & Russomanno, P.A., Miami, FL, Ronald Lovitt, Lovitt & Hannan, Inc., San Francisco, CA, Mark A. Chavez, Chavez & Gertler, San Francisco, CA, for plaintiffs.

David M. Wells, Barbara B. Slott, Mahoney, Adams & Criser, P.A., Jacksonville, FL, Peter W. Homer, Greer, Homer & Bonner, P.A., Miami, FL, for defendants.

Anthony Paul Penoso, Law Office of Anthony P. Penoso, Jacksonville, FL, for Anthony P. Penoso.

William Walker Tharpe, William O'Neil, John R. Dunphy, Fla. Dept. of Insurance, Division of Legal Services, Tallahassee, FL, for Florida Department of Insurance.

Corelynn Burns, Holiday, FL, pro se.

Gregory B. Bryant, Gainesville, FL, pro se.

Robert J. Shapiro, Tampa, FL, for E. Cira Alvarez.

### ORDER

SCHLESINGER, District Judge.

Before the Court are the following motions:

(1) Defendant Barnett Bank of Tampa's Motion for Injunctive Relief (Doc. No. 249, filed April 17, 1995);

(2) Defendant Barnett Bank of Pasco's Motion for Injunctive Relief (Doc. No. 250, filed April 17, 1995);

(3) Movant Alvarez's Motion for Relief from Judgment (Doc. No. 254, filed May 4, 1995); and,

(4) Defendant Barnett Bank of Pasco's Motion to Strike Attorney's Fees and Costs (Doc. No. 261, filed May 22, 1995).

On October 6, 1993, Plaintiff Gross filed a Complaint on his behalf and on behalf of other similarly situated parties alleging that Defendants violated the National Bank Act by charging a rate of interest which exceeded that allowed by 12 U.S.C. § 85 and that Defendants breached the agreement between the parties by purchasing insurance which exceeded the level of coverage required by the form agreements signed by the parties. On October 8, 1993, the parties submitted to the Court a proposed settlement agreement which was intended to settle all of the claims raised by the Plaintiffs' Complaint.[1]

On October 18, 1993, the Court entered an Order certifying the settlement class.[2] The

---

[1]. The settlement agreement provides that "[u]pon final approval, members of the Plaintiff Settlement Class who have not timely excluded themselves shall be deemed to have covenanted and agreed that upon the mailing of all settlement monies due and owing and the application of all credits to be made pursuant to this Agreement, the non-excluded members of the Plaintiff Settlement Class (whether directly, representatively, derivatively, or in any other capacity) (a) shall be forever barred from instituting, maintaining, or further prosecuting any action or proceeding whatsoever [against Defendants] based upon any claims (known or unknown) whatsoever, which have been asserted, or could have been asserted, by any such persons based on the facts alleged in the Complaint in the Action ..."

[2]. According to that order, the class consisted of "all persons who financed motor vehicle or boat loans with defendants (collectively referred to as "the Bank"), and who were charged any amount for earned insurance premiums as a result of collateral protection insurance placed by the

Court also issued an Order preliminarily approving the settlement, scheduling a fairness hearing at which the Court would consider whether the settlement was fair, reasonable and adequate, and provided for a method of providing notice to the settlement class. (Doc. No. 7) [3]. The Court also concluded that the method of notice—the mailing of the Class Notice to those members of the Plaintiff Settlement Class whose addresses were contained in the Bank's SHAW loan files and the publication of the Class Notice and the Summary Notice—constituted the best notice practicable under the circumstances and sufficient notice to all potential members of the Plaintiff Settlement Class.

On January 31, 1994, a hearing was held before the Honorable Howard T. Snyder, United States Magistrate Judge. Judge Snyder found the settlement to be fair, reasonable and adequate and recommended that the Court approve the settlement. (Doc. No. 242). On March 16, 1994, the Court issued an Order adopting Judge Snyder's recommendation and approving the settlement. (Doc. No. 243). Thereafter, the Court entered an Order approving the settlement and entering judgment in accordance with its terms. (Doc. No. 244). The Court also issued a permanent injunction in accordance with the settlement agreement which enjoined members of Plaintiff's class from bringing future lawsuits based on Defendant's activities in force placing insurance.[4] The Court also retained jurisdiction over "the enforcement, construction, and interpretation of the settlement agreement."

Despite the existence of this injunction, two separate complaints were filed in state court which challenge Defendants' ability to force place insurance. On October 28, 1994, Richard Wilkes and Kimberly Bolan ("Wilkes/Bolan"), his wife, filed suit in the Thirteenth Judicial Circuit of Florida claiming that their vehicle was wrongfully repossessed and that they were defamed by Defendants. According to their complaint, Defendants overcharged them for insurance, and when Wilkes/Bolan contested the overcharges Defendants added the insurance charges to the loan amount and accelerated the amount due. Despite their efforts, Wilkes/Bolan were unable to convince Defendants to accept a payment plan and their vehicle was repossessed.

E. Cira Alvarez also filed suit in state court challenging the repossession of her vehicle. This Complaint, which was filed in the Sixth Judicial Circuit of Florida, alleges that Defendants wrongfully repossessed Alvarez's vehicle because they acted in bad faith by asserting their right to default and acceleration, that Defendants wrongfully converted the vehicle, that Defendants violated Section 679.504(3), Florida Statutes, and that Defendants charged an unlawful interest rate as a result of the purchase of insurance for Alvarez's vehicle.

Following the filing of these lawsuits, Defendants filed with this Court motions requesting that this Court enjoin Alvarez and Wilkes/Bolan from maintaining their lawsuits against them in state court. Defendants as-

---

Bank between January 1, 1985 and September 30, 1993, and whose certificates of insurance have not been fully cancelled." (Doc. No. 6).

**3.** The Class Notice stated that "[i]n exchange for these payments and/or credits, plaintiff shall dismiss the complaint, which includes the claims of the class, with prejudice and without costs, which dismissal will be approved in a final judgment approving the settlement. All members of the class who have not excluded themselves will be bound by any final judgment entered by the Court. All claims of the class against the Bank relating to collateral protection insurance, and/or any other claim which was or could have been asserted in the Action or any other action based on the facts alleged in the Action, will be released as provided in the Settlement Agreement, and class members will be forever barred and en-

joined from seeking other or further relief on such claims."

**4.** The Final Injunction enjoined Members of Plaintiff's Class from commencing or continuing to prosecute any action or proceeding of any kind against the Bank or its successors-in-interest which:

a. purports to be in the name of, on behalf of or derivative of the rights of any class member;

b. seeks money damages arising out of, in connection with or related to the insurance forced placed by or on behalf of the Bank between January 1, 1985 and September 30, 1993; or

c. seeks any declaratory or other relief with respect to the above.
(Doc. No. 245).

sert that Alvarez and Wilkes/Bolan are members of Plaintiffs' Settlement Class who did not opt-out of the settlement and whose claims are substantially similar to those asserted by the Class Representative in the case at hand. Therefore, Defendants argue that they are entitled to an injunction enjoining Alvarez and Wilkes/Bolan because such an injunction is necessary in aid of this Court's jurisdiction and would serve to protect or effectuate its judgments.

Wilkes/Bolan have not filed a response to Defendants' motion for injunctive relief. Thus, the Court must rule on the merits of Defendants' motion without the benefit of such a response.

Alvarez, however, has filed a response. In her response, she argues that the Anti-injunction act prohibits this Court from interfering with the pending state court proceedings because the relief requested by Defendants would not serve either of the exceptions to the Anti-injunction Act upon which Defendants rely. She also asserts that the claims she raises are separate and distinct from the claims raised in the case at hand. Alvarez also argues that Defendants are not entitled to an injunction in this case because they have not satisfied the requirements of such relief. Finally, she argues that she should not be bound by the judgment and injunction in this case because she was not properly notified of this action nor was she adequately represented by Class Counsel.

Alvarez also filed a Motion for Relief From Judgment (Doc. No. 254, filed May 4, 1994). In that Motion, Alvarez argues that the judgment in this case should be vacated because she was not provided with proper notice of the action or the settlement. According to Alvarez, she never received the Class Notice which was mailed to her because it was mailed to her former address. Additionally, she claims that the content of the notice was deficient because it contained language which was not defined and which would lack meaning to persons who were unfamiliar with language used in the banking industry. She also contends that the notice was deficient because it was not translated into Spanish—the only language she can read—and because

it failed to fully describe the preclusive effect the settlement would have on future claims by class members who failed to opt-out of the settlement. Finally, she claims that she was not adequately represented by Class Counsel.

In their response in opposition to the Motion for Relief from Judgment, Defendants argue that they provided the best notice reasonably available under the circumstances and that the notice was sufficient to satisfy the requirements of Rule 23(c)(2). They also assert that the content of the notice was sufficient in that it adequately defined the nature of the lawsuit, the terms of the settlement, and the effect of failing to opt-out of the settlement class. Finally, Defendants assert that Alvarez was adequately represented by Counsel at all stages of the negotiations and settlement.

## ALVAREZ'S MOTION FOR RELIEF FROM JUDGMENT

■ The Court must first decide if Alvarez is entitled to the relief she seeks in her motion for relief from judgment because that decision will control whether she is bound by the final judgment and final injunction entered in this case. Pursuant to Fed.R.Civ.P. 23(c)(2), Alvarez was entitled to "the best notice practicable under the circumstances, including individual notice to all members who can be easily identified through reasonable effort." This does not mean that Alvarez was entitled to actual notice of the litigation. Instead, it means that "the notice must be the best practicable, 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314–315, 70 S.Ct. 652, 657–658, 94 L.Ed. 865 (1950); *c.f. Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 174–175, 94 S.Ct. 2140, 2151, 40 L.Ed.2d 732 (1974)." *Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 812, 105 S.Ct. 2965, 2974, 86 L.Ed.2d 628 (1985).

In the case at hand, notices were mailed to over 106,000 identifiable members of the class at a cost of $173,000.00, using addresses that Defendant had in its possession at the

time the notices were mailed. Additionally, notice of the class action was published in newspapers throughout Georgia and Florida at a cost of $95,268. These notices were published in English and Spanish.

■ Assuming, as alleged by Alvarez, that she did not receive notice of the class action because it was mailed to her former address even though she had on a prior occasion attempted to have the address corrected in the bank files, the Court finds that the notice provided in this case satisfied the requirements of Rule 23(c)(2) and the Due Process Clause.

Plaintiffs used an address which was found in the banks records and which was thought to be accurate. While it is true that independent verification of Alvarez's address would have uncovered the mistake, such verification was not practicable in this case because of the large number of notices sent out. Thus, such verification was not required. *See Burns v. Elrod*, 757 F.2d 151, 154 (7th Cir. 1985). Furthermore, the publication of the notice in this case provided Alvarez with additional notice of the pending class action and proposed settlement. Such notice constitutes the most practicable method of insuring notice to identifiable members of a class whose known addresses are inaccurate without requiring that the class incur the unreasonable expense of independently verifying each address. Neither Rule 23(c)(2) nor the Due Process Clause would require that each address be verified in this case.

■ Additionally, Alvarez's claim that the content of the notice used in this case was deficient is also without merit. The notice "should describe the action and the plaintiffs' rights in it." *Phillips Petroleum Co. v. Shutts*, 472 U.S. at 812, 105 S.Ct. at 2974. Additionally, it should provide the plaintiffs with "an opportunity to remove himself from the class." *Id.* The notice in this case achieves both of those objectives, and as was previously stated, it constituted the most practicable notice reasonably available under the circumstances of this case. Furthermore, in light of the fact that the notice was provided in both English and Spanish, Alvarez assertion that she did not receive notice because she can not read English is equally without merit.

With respect to Alvarez's claim that she was not adequately represented by class counsel in this case, the Court need not address these issues once again since they were fully reviewed in Judge Snyder's Report and Recommendation. The Court will go no further than to say that the claims raised by Alvarez are without merit and that the Plaintiffs' Class Counsel adequately represented Alvarez in this action.

Having determined that Alvarez is not entitled to relief from the judgment entered by this Court, her motion (Doc. No. 254) is **DENIED.** The Court must now consider whether Alvarez and Wilkes/Bolan should be enjoined from continuing their pending lawsuits.

*THE ANTI–INJUNCTION ACT*

In order to grant the relief requested by Defendants in this case, this Court must determine that an exception to the Anti–Injunction Act applies. The Anti–Injunction Act states that

[a] court of the United States may not grant an injunction to stay proceedings in a state court except as expressly authorized by Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

*See* 28 U.S.C. § 2283. In the case at hand, an injunction issued to enjoin Alvarez and Wilkes/Bolan from continuing with their present lawsuits could properly be issued under either the "necessary in aid of its jurisdiction" exception or under the "to protect or effectuate its judgments" exception.

■ With respect to the first exception, it is properly invoked "to prevent a state court from interfering with a federal courts consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *Atlantic Coast Line R.R. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 295, 90 S.Ct. 1739, 1747, 26 L.Ed.2d 234 (1970) *quoted in Battle v. Liberty Nat. Life Ins. Co.*, 877 F.2d 877, 881 (11th Cir.1989). Any limitation on this Court's ability to dispose of the case before it

through settlement or otherwise would serve as an impairment to this Court's ability to resolve the issues before it. *See In re Corrugated Container Antitrust Litigation,* 659 F.2d 1332, 1334–35 (5th Cir.1981) *cert denied,* 456 U.S. 936, 102 S.Ct. 1993, 72 L.Ed.2d 456 (1982).

Thus, this case is entitled to the same respect and protection as a fully litigated class action because this case was nonetheless disposed of by the Court's entering of a final judgment and injunction in accordance with a negotiated settlement agreement after notice to the class members, a fairness hearing and approval by the Court. Alvarez's claim that this case is distinguishable from *Battle v. Liberty Nat. Life Ins. Co.,* 877 F.2d 877 (11th Cir.1989), and other cases in which an injunction was issued because those cases were resolved after extensive discovery and pretrial motions is therefore without merit. Alvarez and Wilkes/Bolan should be barred from pursuing claims which are substantially similar to those which were the subject of the Complaint in the case at bar because "[a]ny state court judgment, or even the active prosecution of such an action ... would directly, and with irreparable injury, interfere with this court's ability to dispose of [the case before it] and would remove any flexibility this court might exercise in reaching a just solution or monitoring the actions of the parties." *Battle v. Liberty Nat. Life Ins. Co.,* 660 F.Supp. 1449, 1456 (N.D.Ala.1987) *aff'd,* 877 F.2d 877 (11th Cir.1989).

■ A federal court may also enjoin a state court when an injunction is "necessary ... to protect or effectuate its judgments." This exception to the Anti–Injunction Act is available as long as the state court has not "finally rejected a claim of *res judicata."* *Parsons Steel, Inc. v. First Alabama Bank,* 474 U.S. 518, 524, 106 S.Ct. 768, 772, 88 L.Ed.2d 877 (1986). Because the state court denied Defendants' motion to dismiss which was based on *res judicata,* the Court must consider the preclusive effect of the state court's decision in order to comply with the Full Faith and Credit Act, 28 U.S.C. § 1738, which requires that the federal court give effect to the judgments of the state courts to the same extent as would courts of the state

in which the judgment was entered. *Battle v. Liberty Nat. Life Ins. Co.,* 877 F.2d at 880.

■ The order denying Defendants' motion to dismiss in the Alvarez case does not state that *res judicata* does not apply to Alvarez's claim. Instead, Judge Bray denied the motion to dismiss because the issue could not be resolved on a motion to dismiss. Judge Bray expressly stated that the affirmative defense of *res judicata* remained as a viable defense to Alvarez's action which could be raised through other means. Accordingly, neither the Anti–Injunction Act nor the Full Faith and Credit Act would preclude this Court from enjoining Alvarez and Wilkes/Bolan from pursuing their cases in state court if the Court concludes that Alvarez and Wilkes/Bolan are attempting to relitigate claims which were resolved when this Court entered its final judgment.

Alvarez contends that her claims are different from those asserted in the action presently before the Court. However, it is clear that her claims fall within the class of claims which this Court determined were typical of the class and which were intended to be resolved by the class action. The claims found in Counts I, II and IV of Alvarez's complaint and Wilkes/Bolan's Two Count Complaint are based on the fact that the bank purchased insurance for them, that they added the cost to the amount of their loans and that they seized their vehicles because they failed to pay the money they owed as a result of collateral protection insurance which was purchased on their behalf. Under the Order certifying the class (Doc. No. 6), the settlement agreement (Doc. No. 4), the Class Notice, and the Final Injunction, it is clear that the claims asserted by Alvarez and Wilkes/Bolan were the type of claims this Court intended to resolve. Accordingly, Alvarez and Wilkes/Bolan should be precluded from asserting those claims.

■ However, with respect to those claims of procedural error found in Count III of Alvarez's Complaint, it is clear that neither the final judgment nor the final injunction effected this claim. Alvarez is free to assert any claim she may have regarding Defendants failure to properly follow the proce-

dures provided under Florida Law for repossessing a vehicle.

### DEFENDANTS MOTION FOR INJUNCTIVE RELIEF

In order to be entitled to an injunction, Defendants must establish the following prerequisites: (1) a substantial likelihood of success by Defendants on the merits; (2) that the Defendants will suffer irreparable harm unless the injunction issues; (3) that the threatened injury to the movant outweighs any threatened harm the injunction may cause the opposing party; and (4) that the injunction, if issued "will not disserve the public interest." Bryan v. Hall Chemical Co., 993 F.2d 831, 835 (11th Cir. 1993) (citing United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir.1983)). Defendants have satisfied each of these requirements. First, because Alvarez and Wilkes/Bolan clearly fall within the class which was certified in this action, and because they were provided with notice satisfying both Rule 23 and the Due Process Clause and they failed to exclude themselves, they are bound by the final injunction issued in this case. Thus, they are precluded from asserting claims which are contrary to the Final Injunction, and Defendants' success is guaranteed.

With respect to the harm which Defendants will suffer if this Court does not enjoin Alvarez and Wilkes/Bolan, it is clear that Defendants will be forced to relitigate claims which they believed were settled when the Court entered its order approving of the settlement. This harm is irreparable because they have already paid out substantial sums of money in order to satisfy those claims and permitting members of the class who failed to opt-out of the class to pursue similar claims will result in additional liability which will likely render the settlement they reached in the case at bar completely useless. Thus, they will suffer irreparable injury in that they will forever be barred from enjoying the benefit of the effort they exerted to settle this case.

The harm Defendants will suffer outweighs the harm which Alvarez and Wilkes/Bolan will suffer if the injunction is granted because Alvarez and Wilkes/Bolan have already received the benefit they were due under the settlement of the class action before this Court. Any injunction entered by this Court would only require Alvarez and Wilkes/Bolan to refrain from doing that which they are no longer entitled to do because of the final injunction. Therefore, they would suffer no harm other than that which they have agreed to as a result of their failure to opt-out of the class.

Finally, the public interest is clearly served by the issuance of this injunction. Public policy strongly favors the pretrial settlement of class action lawsuits. See In re U.S. Oil and Gas Litigation, 967 F.2d 489, 493 (11th Cir.1992). Thus, it is clear that the public interest would be served by enforcing a settlement such as the one in this case.

Having determined that an injunction can be entered in this case enjoining the state court from considering Alvarez and Wilkes/Bolan's state court complaint, and that Defendants have satisfied the prerequisites required for the granting of an injunction, Defendants motions (Doc. No. 249 and 250) are **GRANTED IN PART.** The Circuit Court of the Sixth Judicial Circuit of the State of Florida, in and for Pasco County, is hereby enjoined from considering the claims in Counts I, II, and IV of the Complaint filed by Alvarez in Case No. 94–2787 CA. Alvarez is hereby enjoined from bringing the Claims found in Counts I, II, and IV of her Complaint and any other claim based on Defendants' force placing of insurance. The Circuit Court of the Thirteenth Judicial Circuit of the State of Florida, in and for Hillsborough County, is hereby enjoined from considering the Complaint filed in Case No. 94–7448 by Wilkes/Bolan. Wilkes/Bolan are hereby enjoined from bringing the claims found in their Complaint or any other claim based on Defendants' force placing of insurance. However, any claim asserting that Defendants failed to follow the proper procedure when they repossessed a vehicle or had it sold, such as the claim made by Alvarez in Count III of her Complaint, is not subject to this injunction.

Because Alvarez's Motion for Relief from Judgment (Doc. No. 254) is **DENIED,** Defendants Motion to Strike (Doc. No. 261) is **MOOT.**