**SR 7 LEASING, INC. d/b/a Potamkin Auto Leasing Center, Plaintiff,**

v.

**Irwin Joseph CURTIS, Defendant.**

**Civ.A. No. 99–A–874–N.**

United States District Court,
M.D. Alabama,
Northern Division.

Nov. 8, 1999.

Robert Huffaker, Montgomery, AL, Roger Slade, Miami, FL, for plaintiff.

Donna Ballman, N. Miami Beach, FL, for defendant.

## *MEMORANDUM OPINION*

ALBRITTON, Chief Judge.

### I. *FACTS AND PROCEDURAL HISTORY*

This cause is before the court on a Motion to Enforce Injunction and for Costs by the Plaintiff, SR7 Leasing, Inc. d/b/a Potamkin Auto Leasing Center, Inc. ("SR7 Leasing"), filed on October 7, 1999, and on a Motion to Dismiss Complaint and Notice of Constitutional Claim of Due Process Violation, filed by the Defendant, Irwin Joseph Curtis ("Curtis") on October 22, 1999 (Doc. # 11).

On February 19, 1999, this court issued a Final Order and Judgment approving a settlement of a class action brought by a class in a case styled *John K. Russell v. World Omni Financial Corp.*, 98–A–817–S. The members of the class had been mailed a Notice and Claim Form which had been approved by this court. The Notice gave class members the opportunity to either participate in the settlement, or to opt out of the class. Notice of the class settlement had also been published in *USA Today*.

As a part of the *Russell* Final Order and Judgment, this Court reserved and maintained "continuous jurisdiction over Defendants, members of the class, and Intervenor Harrison with respect to all matters relating to the Settlement or the consummation of the Settlement; the validity of the Settlement; the construction and enforcement of

the Settlement in any orders entered pursuant thereto; in any disputes which may arise between Class Members with respect to the persons entitled to receive the proceeds of any amounts payable to Class Members under the Settlement Agreement; and the entry and enforcement of this FINAL JUDGMENT and the orders contained herein, including modification of this Final Judgment; to tax court costs, and all other matters pertaining to the Settlement or its implementation and enforcement." Plaintiff's Exhibit A, Final Order and Judgment, pages 18–19.

## II. *DISCUSSION*

SR7 Leasing seeks to have this court enforce the permanent injunction entered in the *Russell* class action against Curtis, thereby precluding him from pursuing his claims in an action pending in the United States District Court for the Southern District of Florida.[1] Part of the class settlement which was approved by this court, and which SR7 Leasing claims precludes Curtis' claims, included the following claims:

arising under common law, regulatory law (federal and/or state), or otherwise including, but not limited to fraud, outrage, unconscionability, suppression, omission, misrepresentations, deceit or breach of contract, violations of the Alabama Mini–Code, the federal Truth–in–Lending Act, the federal Consumer Leasing Act and Federal Reserve Board Regulation M, which were alleged or which could have been alleged by Plaintiffs and Class Members against World Omni Financial Corp., VT, Inc. as Trustee World Omni LT ... and the automobile dealerships who leased the vehicles (to the extent of the claims released in the Settlement and this Final Order and Judgment)....

Plaintiff's Exhibit A, Final Order and Judgment, pages 6–8. Also as a part of this Final Order and Judgment, this court enjoined all class members who did not timely opt out of the class from "filing, initiating, asserting, maintaining, pursuing, or continuing or participating as a litigant (by intervention or otherwise) in any action ... in any court, asserting any of the claims dismissed herein or any of the Plaintiff's claims as defined in the Amended Settlement Agreement, and amended by the Amendment." *Id.* at page 18.

Curtis is a member of the *Russell* class. As a class member, Curtis had been mailed the Notice and Claim Form that had been approved by this court. *See* Affidavit of Nancy Gordon at ¶ 2. Curtis did not opt out of the class. *See id.*

Curtis argues in opposition to the Motion to Enforce Injunction and for Costs that the action he filed in Florida state court should not be enjoined. He states that he has submitted an affidavit in the Florida case in which he testified that he moved prior to the Alabama class action, and that he never received notice of the action or the settlement. Curtis also states that SR7 Leasing and World Omni have refused to provide him copies of the notices, so he cannot determine whether the notices contained language regarding the automobile dealerships portion of the release.

■■■ The United States Supreme Court has held that a fundamental requirement of due process is that notice must be reasonably calculated to apprize interested parties of the pendency of the action and afford them an opportunity to present their objections. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). This notice requirement does not, however, require that members of a class personally receive notice. Due process requires that "[t]he means employed [to give notice] ... be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *Id.* at 315, 70 S.Ct. 652. For instance, a court in this circuit determined that failure to verify an address for an absent class member who moved did not violate the due process clause where notice was mailed to an address thought to be accurate and there was notice by publication in newspapers. *See Gross v. Barnett*

---

1. This court has been provided a copy of the Complaint which was filed in Florida State court, but has not been provided the case number which was assigned to the case once it was removed to the federal district court for the Southern District of Florida.

*Banks, Inc.,* 934 F.Supp. 1340 (M.D.Fla. 1995).

■ In this case, the evidence provided indicates that a Notice and Claim form had been mailed to Curtis, but according to Curtis, he moved and did not receive this Notice. Notice was also published in *USA Today.* The court finds, therefore, that Curtis' argument that he was not provided notice is untenable.

As to Curtis' statement that he cannot ascertain whether the notice was sufficient to notify him that claims against the dealership were included in the class settlement, the Notice approved by the court was sufficient to provide notice that such claims were included. The Notice stated

The Plaintiffs' Settlement Class consists of all persons who executed closed end motor vehicle leases directly with World Omni Financial Corp. or World Omni Leasing, Inc., or with automobile dealerships which assigned or sold those leases to World Omni Financial Corp., or VT Inc....

Plaintiff's Exhibit A to the Reply, page 2. The Notice also stated

In accordance with the terms of this settlement and upon entry of the final order approving the settlement, each Class Member will release World Omni Financial Corp., World Omni Leasing, Inc., VT Inc., as Trustee of World Omni LT, Continental Illinois Trust Company of Florida, the automobile dealership from whom you leased the automobile ... from all claims, demands, actions and causes of action of any kind or nature whatsoever, known or unknown, direct or consequential, foreseen or unforeseen, developed or undeveloped, arising under common law, regulatory law, federal and/or state law or otherwise ... including, but not limited to, claims for breach of contract, fraud, suppression, omission, misrepresentation and/or deceit ... against any of the Defendants and/or Discharged Parties above....

*Id.* at page 6.

In addition, the letter which accompanied the Notice also stated that "The automobile dealership where you leased your vehicle and/or who assigned your lease to WOFC or VT is included in this settlement..." Plaintiff's Exhibit A to the Reply.

■ Curtis also argues in his opposition to the Motion to Enforce Injunction, and in support of his Motion to Dismiss and Notice of Constitutional Claim of a Due Process violation, that he did not at the time of this court's Final Order and Judgment in *Russell,* and does not currently, have any contacts with the State of Alabama. Curtis argues that an injunction against an absent class member must be set aside where the class member does not have minimum contacts with the forum or does not consent to jurisdiction.

In advancing his argument, Curtis relies on *In re Real Estate Title and Settlement Services Antitrust Litigation,* 869 F.2d 760 (3rd Cir.1989). In that decision, the court determined that enforcement of a settlement agreement in a Federal Rule of Civil Procedure 23(b)(1) and (b)(2) case would violate due process because "if the member has not been given the opportunity to opt out in a class action ... the member must either have minimum contacts with the forum or consent to jurisdiction in order to be enjoined by the district court that entertained the class action." *Id.* at 769. That case is distinguishable from this one, however, because the class in this case was certified under Federal Rule of Civil Procedure 23(b)(3), and the class members were given an opportunity to opt out of the class.

Where, as here, the class members are given an opportunity to opt out, due process requirements are satisfied even in the absence of minimum contacts. In *Phillips Petroleum Company v. Shutts,* 472 U.S. 797, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985), the United States Supreme Court determined that due process was satisfied for a person who did not possess minimum contacts with the forum because the person was given notice and an opportunity to be heard and an opportunity to opt out of the class. In this case, the Notice provided

If you do not return the original Claim Form and requested copies of documents to the above address within the time allowed, you will not receive benefits under

this settlement, and unless you have opted out of this lawsuit in accordance with Part VI. of this Notice, your Claims will be barred in the future.

\*\*\*

## VI. *YOUR RIGHT NOT TO PARTICI-PATE IN THE SETTLEMENT AND YOUR RIGHT TO BE EX-CLUDED FROM THE SETTLE-MENT*

You also have the right to be excluded or to opt out of this lawsuit. The effect of opting out will be that you will not receive any of the benefits under this settlement, and you will be free to file any Claim of your own. To opt out or be excluded, you may only do so by submitting a letter or postcard requesting that you be excluded from the settlement to the following address . . . .

Plaintiff's Exhibit A to the Reply. This notice was adequate to apprize Curtis of his rights to participate or to opt out of the class. The court finds, therefore, that Curtis' due process challenges are unavailing.

■ Another argument made by Curtis is that this court had no jurisdiction over the previously-filed Florida statutory and common law claims which SR7 Leasing contends are barred. According to Curtis, because the Florida action was filed first, the later-filed proceedings in Alabama should be enjoined or abated, not the Florida action. In support of this argument, Curtis cites this court to decisions from the Alabama Supreme Court applying abatement rules to class actions filed and certified in Alabama state court. Curtis has not cited to, nor is the court aware of any, authority mandating that a case in which a class has been certified in one federal district court must be abated in favor of a case which was filed, but not certified as to a class, in another federal district court. Accordingly, this court finds that there is no basis for abating any action before it.

Curtis also asserts that neither party can be bound to the settlement agreement in this case because neither SR7 Leasing nor Curtis claim that they received any consideration for the release. SR7 Leasing responds that there are substantial benefits provided in this court's Final Order and Judgment to both SR7 Leasing, in the form of a release of claims, and to the members of the class, in the various forms of relief which were approved by this court. Based on the relief which was provided in the settlement, the court agrees with SR7 Leasing that Curtis' argument on this point is unavailing.

■ Curtis further contends that the injunction which SR7 seeks in this case violates the Anti–Injunction Act. 28 U.S.C. § 2283. The Anti–Injunction Act states that

[a] court of the United States may not grant an injunction to stay proceedings in a state court except as expressly authorized by Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283. As SR7 Leasing points out, however, Curtis' Complaint, although originally filed in state court, has been removed to federal court. Accordingly, the Anti–Injunction Act does not apply to preclude this court from enforcing an injunction against claims pending in another federal court. Curtis also contends that if this court determines that the presence of a federal claim in the Florida action allows for imposition of the injunction, that Curtis will dismiss this claim to allow the case to be remanded back to state court. Even if the case were pending in state court, however, the court finds that the exception which applies when an injunction is needed to protect or effectuate the federal district court's judgment would apply in this case. *See* 28 U.S.C. § 2283; *see also Battle v. Liberty Nat. Life Ins. Co.,* 877 F.2d 877 (11th Cir.1989) (district court properly enforced injunction to effectuate its judgment in a prior action).

■ Curtis also argues that the Settlement Agreement is overly broad and is not enforceable by SR7 Leasing. Curtis argues that a judgment approving settlement cannot extinguish claims not asserted in the class action complaint. Curtis cites this court to *Epstein v. MCA, Inc.,* 50 F.3d 644 (9th Cir. 1995), for the proposition that a state court decree could not release federal claims because it exceeded the jurisdiction of the state court.

The court first notes that the *Epstein* decision was reversed by the United States Supreme Court. *See Matsushita Elec. Indus. Co. v. Epstein*, 515 U.S. 1141, 115 S.Ct. 2576, 132 L.Ed.2d 826 (1995) (state court settlement judgment was due to be enforced, notwithstanding the fact that it released claims within the exclusive jurisdiction of the federal courts.) The court does agree, however, that to be enforceable as against Curtis' claims, the Settlement Agreement approved by this court has to include the claims brought by Curtis in the Florida action.

In approving the Settlement Agreement in the *Russell* case, this court also approved of amendments to that settlement agreement which excepted certain claims. In one amendment to the Settlement Agreement, the parties agreed to, and the court approved, a provision exempting from the settlement agreement "individual claims against an entity other than a Defendant based upon oral statements allegedly made by such an entity with respect to a Subject Lease." Plaintiff's Exhibit A, Final Order and Judgment, page 8.

In this case, Curtis has brought a fraud claim based on representations made in advertisements. *See* Complaint filed by Curtis at ¶ 5. Without factual development, this court cannot determine the extent to which Curtis' claims might fall within the exception set out above. For instance, it is not clear whether the challenged advertisements were printed or spoken statements. The federal district court in Florida is in a better position to make such factual determinations. Accordingly, although SR7 Leasing's Motion to Enjoin is due to be granted to the extent that Curtis' individual claims are based on written statements, whether or not Curtis' individual claims are barred in their entirety will have to be determined after factual development in the Florida case.

█ Similarly, the court agrees with SR7 Leasing that the mere fact that Curtis' claims are based on actions by the dealership does not mean that the *Russell* settlement agreement cannot preclude Curtis' claims, since claims against the dealership are clearly contemplated in the Settlement Agreement in *Russell*. The injunction, however, can only extend to Curtis' class claims which are covered by the claims which are the subject of the Settlement Agreement. Those claims include, in relevant part:

> Any and all claims, demands, actions, and causes of action of any kind or nature ... arising under common law, regulatory law (federal and/or state) or otherwise including, but not limited to fraud, outrage, unconscionability, suppression, omission, misrepresentations, deceit or breach of contract, violations of the Alabama Mini-Code, the federal Truth in Lending Act, the federal Consumer Leasing Act and Federal Reserve Board Regulation M, which were alleged or which could have been alleged by Plaintiffs and Class Members against World Omni Financial Corp., VT, Inc. as Trustee World Omni LT, Continental Illinois Trust Company of Florida, World Omni Leasing, Inc., and the automobile dealerships who leased the vehicles (to the extent of the claims released in the Settlement and this Final Order and Judgment) ... arising out of, or relating in any way to, or concerning the Subject Leases, as defined in the Amended Settlement Agreement ... including, without limitation, the following: that when the Defendants lease vehicles to the Plaintiffs and Class Members, and when, as a part of those transactions, they committed, among others, the following acts: (a) charged termination fees, administrative fees and other fees and charges in breach of the lease agreement; (b) omitted, suppressed or failed to disclose that they would impose and charge the Plaintiffs and Class Members termination fees, administrative fees and other fees and charges; (c) inflated the prices of the leased vehicles; (d) represented that, in the event of a total loss to the vehicle, the lease balance would be paid, their security deposit refunded and no deductible on any casualty insurance would have to be paid; (e) failed to provide Plaintiffs and Class Members substitute vehicles upon a total loss; (f) improperly calculated and charged Plaintiffs and the Class Members with deficiency balances; (g) failed to disclose properly the early

termination provisions of the lease, including, but not limited to, that Plaintiffs and the Class Members would continue to pay their monthly lease obligation after a total loss and until the casualty company made payment on the total loss; (h) breached the lease agreements by their assessment of post-loss lease charges; (i) improperly reported deficiency balances to credit bureaus; (j) disguised or misrepresented the actual sales or lease price; (k) failed to refund or pay to Plaintiffs and the Class Members interest or profits earned on the security deposits paid by Plaintiffs and the Class Members; (*l*) failed to disclose all charges and rates; (m) failed to disclose that a portion of the lease finance charges would be shared between the finance company and the dealership; (n) artificially inflated the lease terms and used the term "capitalized costs" to disguise the effective sales price, which allegedly was higher than the manufacturer's suggested retail price; (*o*) omitted, willfully suppressed or failed to disclose properly fees, taxes, licenses and other fees and charges; (p) failed or improperly disclosed fees, taxes, costs of title, license and registration; (q) improperly assessed Plaintiffs and Class Members early termination charges, penalties or damages; and (r) improperly charged an additional penalty for excess wear and tear or use of the vehicle.

Plaintiff's Exhibit A, Final Order and Judgment, pages 7–8. Therefore, although the injunction is due to be enforced to the extent that Curtis' claims fall within the claims settled in the *Russell* case, the Motion to Enforce is due to be denied to the extent that Curtis' claims fall outside of those claims.

## IV. *CONCLUSION*

For the reasons discussed above, the Motion to Enforce is due to be GRANTED in part and denied in part and the Motion to Dismiss is due to be DENIED. A separate Order will be entered in accordance with this Memorandum Opinion.

### *FINAL ORDER AND JUDGMENT*

In accordance with the Memorandum Opinion entered on this date, it is hereby ORDERED as follows:

1. The Motion to Enforce Injunction (Doc. # 8) is GRANTED as to Curtis' claims which fall within the Settlement Agreement provisions approved by this court in *John K. Russell v. World Omni Financial Corp.*, 98–A–817–S, and DENIED to the extent that Curtis' claims fall outside of those provisions. Curtis is hereby ENJOINED from proceeding further on any individual claims based on written representations and on his class and individual claims which the United States federal district court determines fall within the provisions of the Settlement Agreement approved in the Final Order and Judgment in *John K. Russell v. World Omni Financial Corp.*

2. The Motion for Costs (Doc. # 8) is DENIED.

3. Irwin Curtis' Motion to Dismiss (Doc. # 11) is DENIED.

4. The Clerk is DIRECTED to furnish a copy of this Order and Judgment and the accompanying Memorandum Opinion to the United States District Court for the Southern District of Florida.