Sandra C. **SCHULTZ** and Robert C. Braun, Plaintiffs–Appellants,

v.

Russell **FRISBY**, et al., Defendants–Appellees.

No. 89–1095.

United States Court of Appeals, Seventh Circuit.

Argued May 18, 1989.

Decided June 9, 1989.

Rehearing Denied June 27, 1989.

---

1. Judge Ryan would grant the petition for rehearing en banc for the reasons stated in his dissent.

William H. Lynch, Harold H. Fuhrman, Fuhrman & Associates, Milwaukee, Wis., for Russell Frisby, George R. Hunt, Robert Wargowski, Harlan Ross, Clayton A. Cramer and Town of Brookfield.

Before WOOD, Jr., EASTERBROOK, and KANNE, Circuit Judges.

EASTERBROOK, Circuit Judge.

The Town of Brookfield, Wisconsin, has an ordinance curtailing picketing in residential areas. Relying on the assurance of the Town's counsel that this ordinance prohibits only picketing "directed at a single residence", the Supreme Court held that the ban satisfies the first amendment. *Frisby v. Schultz*, —— U.S. ——, 108 S.Ct. 2495, 2501, 101 L.Ed.2d 420 (1988). After receiving the Court's judgment, we returned the case to the district court, so that the would-be picketers could pursue any remaining claims. Plaintiffs neither amended their complaint nor offered evidence; they demanded the immediate entry of an injunction notwithstanding the Supreme Court's opinion. Needless to say they lost, post haste.

The plaintiffs believe that the ordinance does not have the meaning the Town gave it in the Supreme Court. They ask us to certify the case to the Supreme Court of Wisconsin for an authoritative construction or at least remand the case so that the district court can hold further proceedings to pin down its meaning. Yet the meaning of a law is not a question of fact, to be stewed over in evidentiary proceedings. So far as *this* case is concerned the meaning of the ordinance is what the Supreme Court said it means, and having this meaning it is constitutional.

The Supreme Court did not deal with plaintiffs' claim that the ordinance contains an exception for picketing arising out of labor disputes, making it a form of subject-matter discrimination forbidden by *Carey v. Brown*, 447 U.S. 455, 100 S.Ct. 2286, 65 L.Ed.2d 263 (1980). The district judge rejected this claim at the outset, 619 F.Supp. 792, 796 (E.D.Wis.1985) ("I see little merit in plaintiffs' argument that an

Walter M. Weber, New Hope, Ky., Jay A. Sekulow, Atlanta, Ga., for Sandra C. Schultz, Robert C. Braun.

implied exception for labor picketing must be read into an ordinance, the legislative history of which shows a precisely contrary intent"). Although Wisconsin prohibits the Town from banning peaceful labor picketing, Wis.Stat. § 103.53(1)(e), (g), the ordinance regulates only the time, place, and manner of picketing. This court therefore concluded that the ordinance does not exempt labor picketing. 807 F.2d 1339, 1347 n. 23 (7th Cir.1986). The panel's opinion was vacated on the grant of rehearing en banc, and because the en banc court was equally divided no opinion issued to replace it. We now reaffirm the panel's rejection of the contention that the ordinance does not apply to labor picketing. Plaintiffs try to reinforce their claim by invoking the National Labor Relations Act, but nothing in the NLRA overrides reasonable time, place, and manner rules applied to all speech. An entitlement to patrol private driveways cannot be found in federal labor law.

It may be that the law-in-force is different from the law-on-the-books. Brookfield's police issued citations to some picketers in October 1988 when, the police concluded, the parade was a spiral tightening around the home of Benjamin M. Victoria, Jr., the picketers' target. Plaintiff Braun was arrested for disorderly conduct during that demonstration. The trial scheduled for August 1989, and subsequent appellate proceedings in the Wisconsin courts, may elucidate the meaning of the ordinance as applied to picketing that takes in several houses but might still be thought to dwell on one. Under *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), Braun's contentions must be presented to the state forum. Schultz was not arrested in October 1988 and, under *Steffel v. Thompson*, 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974), might be able to request a declaratory judgment delineating her rights should she wish to lead a march similar to Braun's. But Schultz clings to a demand for an injunction against the operation of the statute. The Supreme Court's decision prevents that, and fine-tuning is impossible here not only because Schultz abjured declaratory relief but also because she declined (despite an invitation from the district court) to amend the complaint to put in issue the Town's current enforcement practices.

We appreciate the plaintiffs' concern that it is hard to tell when picketing is "directed at" a particular home. Will it be enough to go 'round and 'round the block? Could the picketers march in front of the five houses on either side of the Victorias'? May they stop for one minute, or two, or five, in front of the Victorias' place before moving along? Surely they can't evade the law by standing in front of the Victorias' home and occasionally jumping one house on either side. How much longer must the route be? No matter how clear the ordinance seems, a hundred nice questions may follow in its wake. The Constitution does not require Brookfield to answer each of these before it may enforce the law. Incompleteness is a curse of language, as of human imagination. To say that precision is a precondition to enforcement is to say that no ordinance regulating speech may stand —a proposition the Supreme Court has rejected over and again.

Plaintiffs' current position is not so much that they don't accept the Supreme Court's construction of the ordinance as that even an ordinance written in the terms used by the Court, prohibiting "focused picketing taking place solely in front of a particular residence", 108 S.Ct. at 2501, would be unconstitutional—whether because too vague to give notice of what is proscribed or because too prone to misuse in the hands of the police. Plaintiffs' complaint does not advance such claims, however, and they bypassed their opportunity to amend. So this litigation is over. Plaintiffs may, if they wish, file a new complaint directed to vagueness. Or they may await the outcome of the prosecution now pending in the Wisconsin courts. But they may not cling to a suit they already lost in the Supreme Court of the United States.

AFFIRMED.