Edward GREEN, et al., Plaintiffs,

v.

DISTRICT OF COLUMBIA, et al., Defendants.

Civ. A. No. 90–793.

United States District Court, District of Columbia.

Feb. 13, 1991.

Murray Garnick, Mary DeRosa, Helene Madonick, Cathy Hoffman, Hilde Kahn, Washington, D.C., for plaintiffs.

Herbert Reid, Martin Grossman, Richard Love, Kenneth Marty, Arthur Graves, Office of Corp. Counsel, Washington, D.C., for defendants.

## MEMORANDUM OPINION

THOMAS F. HOGAN, District Judge.

Now before the Court is the plaintiffs' Second Motion for Sanctions. The Court, having considered the plaintiffs' written submissions concerning this matter and the defendants' representations in open court, shall grant the plaintiffs' Second Motion for Sanctions for the reasons stated in open court at the hearing on this matter held on February 13, 1991, and for the reasons set forth below.

### Statement of Case

This is a class action challenging the conditions in prisons with which the District of Columbia has contracted to house prisoners in the custody of the District of Columbia prisons. Essentially, the plaintiffs challenge the constitutionality of housing prisoners in state and county facilities throughout the United States which allegedly fail to provide adequate law libraries, medical facilities and educational and training programs. This lawsuit was filed in response to the nearly 100 *pro se* transferred prisoner complaints pending in this Court against defendants. Over half of these complaints were filed by inmates of one Texas prison—the Zavala County Detention Center ("Zavala"). Nearly twenty percent of all transferred prisoners at one time resided at Zavala.

On April 5, 1990, plaintiffs Edward Green and Ernest DeGraffin filed this lawsuit on behalf of all persons convicted of crimes who are or will be inmates in non-

federal correctional institutions not operated by the District of Columbia. This Court certified the class on July 27, 1990.

### Discovery in the Case

On April 23, 1990, plaintiffs filed and served their First Set of Document Requests and First Set of Interrogatories. The defendants neither responded to the requests nor filed an extension of time in which to respond. On June 15, 1990, plaintiffs filed a Motion to Compel. Without responding to plaintiffs' discovery requests, defendants moved for an enlargement of time to respond to the motion to compel, then requested an indefinite stay of discovery.

On August 23, 1990, the Court denied the defendants' motion for a stay and entered an Order requiring the defendants to produce the requested information and documents by September 19, 1990.

On September 20, 1990, defendants produced minimal information and failed to respond to a majority of the discovery requests. In response, plaintiffs moved for sanctions and for a second order requiring production.

On September 26, 1990, at a status conference in this case, the Court found that the defendants were in "blatant disregard" of the Court's order insomuch that the interrogatories had never been answered and only minimal documents had been produced. The Court noted then that the defendants had already filed nine extensions of time and that efforts to move forward with discovery were being frustrated by the actions of the defendants. Accordingly, the Court ordered attorneys' fees and held that the defendants' objections to the discovery requests were waived as a matter of law. The Court warned the defendants at that time that additional sanctions would be considered and that failure to file timely responses would result in sanctions "such as striking defenses raised in this case and ultimately will be a default if there has to be." The Court then, again, ordered the defendants to fully comply with the discovery requests by October 18, 1990.

On October 18, 1990, the defendants again only partially responded to the document requests. One of the most significant deficiencies in the defendants' response was their failure to provide virtually any information concerning Zavala. After further prodding by the plaintiffs, defendants produced supplemental responses on December 5, 1990. However, these responses, as well, failed to comply with the Court's order requiring complete responses to the plaintiffs' discovery requests. Again, the defendants' supplemental response fails to include information relating to Zavala, the facility which, more than any other, gave rise to this suit.

At the December 19, 1990, status conference in this case, these discovery deficiencies were called to the Court's attention. Defendants stated that it was next to impossible to obtain information from the Zavala authorities who allegedly were in the midst of an administrative transition. Further, defendants indicated that the class members were being removed from Zavala and that their removal would make it virtually impossible to obtain information from Zavala.

At that time, the Court indicated that the removal of the prisoners did not excuse the defendants from producing information concerning Zavala since the first Court order requiring the production of that information was issued four months prior to the transfer of the prisoners from Zavala. The Court found that it was the defendants' obligation to produce the requested information while the prisoners are located at a facility.

Still, the defendants failed to comply with the Court's orders. Today, defendants' responses are grossly inadequate. Although the deficiencies are too numerous for the Court to address individually, the Court takes notes that the following deficiencies, *inter alia,* still remain:

(1) Defendants have failed to describe any of the procedures or policies of the law library available to class members at Zavala;

(2) Defendants have failed to describe the contents of the law libraries in the

Zavala, Ely, Stutsman, and Southwest Multi–County facilities;

(3) Defendants have failed to produce any documents relating to the availability of programs at Zavala and the Zavala County Jail;

(4) Defendants have failed to identify the medical equipment, supplies and medications available at the infirmaries at Zavala County Jail or Southwest Multi–County.

The Court could list further deficiencies. However, additional examples would only reinforce the Court's finding that the defendants have failed to comply with the Court's orders requiring complete responses to the plaintiffs' discovery requests.

On January 15, 1991, plaintiffs filed their Second Motion for Sanctions, asking the Court to order the facts as asserted by the plaintiffs in their complaint to be held as true. The defendants were to file an opposition to the motion by January 28, 1991. On January 28, defendants filed a motion for enlargement of time. The Court gave the defendants until January 30 to respond to the Second Motion for Sanctions. In granting that extension, however, the Court indicated that it would not grant any more extensions. The defendants filed for a second extension on January 30, 1991 which was denied by the Court. The defendants were allowed to present their opposition in open court at the February 13, 1990 hearing.

### Analysis

■ The Court has found in the past and finds again that the defendants have willfully failed to comply with the Court's order requiring complete discovery responses. The remaining question for the Court is whether the sanction requested by the plaintiffs is appropriate.

Federal Rule of Civil Procedure 37(b)(2) provides a broad range of sanctions, including:

An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order.

Although the plaintiffs do not ask the Court to issue a default judgment, the plaintiffs argue that defendants' dilatory tactics are so egregious as to warrant a default judgment. However, given that this case concerns important constitutional issues, the Court hesitates to determine constitutional rights by granting a default. However, the Court is guided by recent cases discussing the appropriateness of default as a sanction.

■ In determining whether to enter a default judgment, the court must consider (1) the effect of a defendant's dilatory or contumacious conduct on the court's docket, (2) whether the defendant's behavior has prejudiced the plaintiff, and (3) whether deterrence is necessary to protect the integrity of the judicial system. *Bristol Petroleum Corp. v. Harris*, 901 F.2d 165, 167 (D.C.Cir.1990).

These standards were recently applied by Judge Lamberth in *Monroe v. Ridle*, No. 8701717, slip op. (D.D.C. Oct. 12, 1990), in which he applied the *Bristol* factors in determining that default was an appropriate sanction. In that case, Judge Lamberth entered a judgment of default against the same defendant before the Court today for conduct substantially similar to that alleged here. In *Monroe*, the defendant repeatedly failed to comply with the Court's order to provide complete discovery. Specifically, the defendants filed responses late, delayed paying plaintiff's court-ordered costs in obtaining order compelling discovery, and claimed that the inadequate responses were the best available. This last example is remarkably similar to defendants' recent responses concerning Zavala information and documents. In the deposition of the defendants' representative who signed the interrogatory responses, defendants' counsel baselessly objected to questions concerning efforts taken to gather information in response to the interrogatories. Additionally, defense counsel baselessly objected to questions concerning the meaning of particular interrogatory responses.

**4**

The defendants' efforts to impede completion of discovery have undeniably prejudiced the plaintiffs' case. Discovery in this case was set to be completed on March 15, 1991. Given the defendants' delays, this deadline will be impossible to meet. Furthermore, it is clear from the defendants' responses to the Court's two prior orders that a sanction any less harsh would have no impact on the defendants' actions.

The defendants' dilatory tactics have become part and parcel of their litigation techniques. In fact, the defendants' failure to even provide a timely written response to this Second Motion for Sanctions further illustrates these tactics. This cannot continue. Although this is not the way the Court prefers to see constitutional litigation proceed, the Court has no choice in the matter. The defendants have been repeatedly warned that a sanction like this would be forthcoming if defendants continued to ignore the Court's orders. Striking the defendants' affirmative defense would have no bearing on the conduct of the case. The sanction requested by the plaintiffs remains. The Court now spares the defendants a default judgment in the hopes that the case will finally proceed forward toward a just conclusion.

### Conclusion

Therefore, for these reasons and those stated by the Court at the hearing on the plaintiffs' motion, the Court shall grant the plaintiffs' Second Motion for Sanctions and order the defendants to pay the reasonable costs and attorneys' fees incurred by the plaintiffs in pursuing their Second Motion for Sanctions.