990 F.Supp. 1337 (1998)
James PETERS, et al., Plaintiffs,
v.
BRANTS GROCERY, et al., Defendants.
Civil Action No. 96-D-940-N.
United States District Court, M.D. Alabama, Northern Division.
January 5, 1998.
*1338 John Q. Somerville, Lightfoot, Franklin & White, L.L.C., Birmingham, AL, R. Jack Drake, Frederick T. Kuykendall, III, Joe R. Whatley, Jr., Peter Harrington Burke, Cooper, Mitch, Crawford, Kuydendall & Whatley, Birmingham, AL, Kenneth Ingram, Jr., Larry Wade Morris, Morris, Haynes, Ingram & Hornsby, Alexander City, AL, Timothy J. Crowley, Richard E. Norman, Crowley & Douglas, LLP, Houston, TX, Morris A. Ratner, Fabrice V. Nihof, Elizabeth J. Cabraser, Lieff, Cabraser, Heimann & Bernstein, San Francisco, CA, Mitchell A. Toups, Weller, Green, McGown & Toups, Beaumont, TX, Dennis Reich, Reich & Binstock, Houston, TX, for James Peters, Alma Peters, Tommy Peters, Buddy Lynn, Janet Lynn, Robert Pate, Jr., Archie L. Blakely, Will R. Peterson, Ola Mae Wells, Rufus James Vanable and Gloria W. Mobley.
R. Jack Drake, Frederick T. Kuykendall, III, Joe R. Whatley, Jr., Peter Harrington Burke, Kenneth Ingram, Jr., Larry Wade Morris, Timothy J. Crowley, Richard E. Norman, Kenneth G. Gilman, David Pastor, Douglas M. Brooks, Gilman and Pastor, Boston, MA, Richard A. Freese, T. Roe Frazier, Langston, Frazer, Sweet & Freese, P.A., Birmingham, AL, A. Hoyt Rowell, Richard Akel, Ness, Motley, Loadholt, Richardson & Poole, Charleston, SC, Robert Lieff, Michael F. Ram, Morris A. Ratner, Lieff, Cabraser, Heimann & Bernstein, San Francisco, CA, Mitchell A. Toups, Weller, Green, McGown & Toups, Beaumont, TX, Dennis Reich, Reich & Binstock, Houston, TX, Richard A. Feigenbaum, Feigenbaum & Uddo, Newton, MA, David Johnathan Guin, Donaldson & Guin, LLC, Birmingham, AL, William H. Garvin, III, Weller, Green, McGown & Toups, LLP, Tallahassee, FL, for Johnnie E. Williams, Earl C. Cunningham and Ronnie E. Chappell.
Richard Eldon Davis, Cabaniss, Johnston, Gardner, Dumas & O'Neal, Birmingham, AL, J. Andrew Langan, Richard C. Godfrey, J. Robert Robertson, Catherine L. Fitzpatrick, Scott W. Fowkes, Kirkland & Ellis, Chicago, IL, Sandy G. Robinson, Cabaniss, Johnston, Gardner, Dumas & O'Neal, Mobile, AL, Roland Karl Filippi, Chicago, IL, for Amoco Oil Co.
Donald R. Jones, Jr., Balch & Bingham, Montgomery, AL, S. Allen Baker, Jr., Balch & Bingham, Birmingham, AL, Richard E. Wallace, Jr., William R. O'Brien, Anthony F. King, Robert H. Shulman, Mindy G. Davis, Howrey & Simon, Washington, DC, for Texaco Refining and Marketing, Inc.
William J. Stack, Exxon Company U.S.A., Houston, TX, Clement C. Torbert, Jr., Clement C. Torbert, Jr., Peter S. Fruin, Maynard, Cooper & Gale, P.C., Montgomery, AL, Gregory H. Hawley, H. Thomas Wells, Jr., Maynard, Cooper & Gale, P.C., Birmingham, AL, Stephen Cann Dillard, Lance L. Shea, Fulbright, Jaworski, Houston, TX, Robert Gilchrist Newman, Fulbright, Jaworski, San Antonio, TX, James Michael Cawley, Jr., Shell Oil Company Products  Legal, Houston, TX, for Exxon Corp.
Linda A. Friedman, John E. Goodman, Sid J. Trant, James F. Archibald, III, Bradley, Arant, Rose & White, Birmingham, AL, for B.P. Exploration & Oil, Inc.
Clement C. Torbert, Jr., Peter S. Fruin, Maynard, Cooper & Gale, P.C., Montgomery, AL, Gregory H. Hawley, H. Thomas Wells, Jr., Maynard, Cooper & Gale, P.C., Birmingham, AL, for Tenneco Inc. and Shell Oil Products Co.
Donald R. Jones, Jr., Balch & Bingham, Montgomery, AL, S. Allen Baker, Jr., Balch & Bingham, Birmingham, AL, Richard E. Wallace, Jr., William R. O'Brien, Anthony F. King, Robert H. Shulman, Mindy G. Davis, *1339 Howrey & Simon, Washington, DC, for Star Enterprises.
Clement C. Torbert, Jr., Peter S. Fruin, Maynard, Cooper & Gale, P.C., Montgomery, AL, Gregory H. Hawley, H. Thomas Wells, Jr., Maynard, Cooper & Gale, P.C., Birmingham, AL, Stephen Cann Dillard, Lance L. Shea, Fulbright, Jaworski, Houston, TX, Robert Gilchrist Newman, Fulbright, Jaworski, San Antonio, TX, for Shell Oil Co.
Clement C. Torbert, Jr., Peter S. Fruin, Maynard, Cooper & Gale, P.C., Montgomery, AL, J. Alan Truitt, Maynard, Cooper & Gale, P.C., Birmingham, AL, Roianne Houlton Frith, Roianne Frith & Associates, Montgomery, AL, Kirk G. Forrest, MAPCO Petroleum, Inc., Tulsa, OK, for Mapco Petroleum, Inc.
Linda A. Friedman, John E. Goodman, Sid J. Trant, James F. Archibald, III, Bradley, Arant, Rose & White, Birmingham, AL, Stephen Cann Dillard, Lance L. Shea, Fulbright, Jaworski, Houston, TX, Robert Gilchrist Newman, Fulbright, Jaworski, San Antonio, TX, for Chevron, USA, Inc.
John E. Goodman, Sid J. Trant, Bradley, Arant, Rose & White, Birmingham, AL, for Chevron USA Products Co.
John M. Johnson, John Q. Somerville, Lightfoot, Franklin & White, L.L.C., Birmingham, AL, George A. Phair, Conoco Inc., Legal Dept. Houston, TX, for Conoco, Inc.
Clement C. Torbert, Jr., Peter S. Fruin, Maynard, Cooper & Gale, P.C., Montgomery, AL, Gregory H. Hawley, H. Thomas Wells, Jr., Maynard, Cooper & Gale, P.C., Birmingham, AL, A. Danner Frazer, Jr., Frazer, Greene, Philpot & Upchurch, Mobile, AL, Stephen Cann Dillard, Fulbright, Jaworski, Houston, TX, Lance L. Shea, Fulbright, Jaworski, San Antonio, TX, for Phillips Petroleum Co.
Clement C. Torbert, Jr., Peter S. Fruin, Maynard, Cooper & Gale, P.C., Montgomery, AL, Gregory H. Hawley, H. Thomas Wells, Jr., Maynard, Cooper & Gale, P.C., Birmingham, AL, for Diamond Shamrock Refining and Marketing Co.
Donald R. Jones, Jr., Balch & Bingham, Montgomery, AL, S. Allen Baker, Jr., Balch & Bingham, Birmingham, AL, Richard E. Wallace, Jr., William R. O'Brien, Anthony F. King, Robert H. Shulman, Mindy G. Davis, Howrey & Simon, Washington, DC, for Unocal Service Corp.
John M. Johnson, John Q. Somerville, Lightfoot, Franklin & White, L.L.C., Birmingham, AL, Clement C. Torbert, Jr., Clement C. Torbert, Jr., Peter S. Fruin, Maynard, Cooper & Gale, P.C., Montgomery, AL, Gregory H. Hawley, H. Thomas Wells, Jr., Maynard, Cooper & Gale, P.C., Birmingham, AL, Charles L. Berry, Vinson & Elkins, L.L.P., Houston, TX, for Fina Oil and Chemical Co.
Richard Eldon Davis, Cabaniss, Johnston, Gardner, Dumas & O'Neal, Birmingham, AL, Clement C. Torbert, Jr., Peter S. Fruin, Maynard, Cooper & Gale, P.C., Montgomery, AL, Gregory H. Hawley, H. Thomas Wells, Jr., Michael E. Turner, Maynard, Cooper & Gale, P.C., Birmingham, AL, Sandy G. Robinson, Cabaniss, Johnston, Gardner, Dumas & O'Neal, Mobile, AL, Stephen Cann Dillard, Lance L. Shea, Fulbright, Jaworski, Houston, TX, Kevin E. Maldonado, Peter John Sacripanti, Dean A. Weber, McDermott, Will & Emery, New York City, Robert William Johnson, Houston, TX, for Mobil Oil Corp.
John M. Johnson, John Q. Somerville, Lightfoot, Franklin & White, L.L.C., Birmingham, AL, Nathan P. Eimer, Scott Charles Solberg, Philip Pendleton Steptoe, Sidley & Austin, Chicago, IL, for Citgo Petroleum Corp.
Ronald Wayne Wise, Wise & Bowen, Montgomery, AL, Robert Brager, Michelle A. Wenzel, Beveridge & Diamond, P.C., Washington, DC, Joseph D. Zulli, Sun Company, Inc. (R & M), Philadelphia, PA, for Sun Co., Inc.
Joseph Lister Hubbard, Thomas S. Lawson, Jr., Capell, Howard, Knabe & Cobbs, P.A., Montgomery, AL, Van H. Beckwith, Larry D. Carlson, Steve Schortgen, Baker & Botts, LLP, Dallas, TX, Robert N. Price, Tulsa, OK, for Occidental Petroleum Services, Inc.
Donald R. Jones, Jr., Balch & Bingham, Montgomery, AL, S. Allen Baker, Jr., Balch & Bingham, Birmingham, AL, Richard E. Wallace, Jr., William R. O'Brien, Robert H. *1340 Shulman, Mindy G. Davis, Marcia P. Kaplan, Howrey & Simon, Washington, DC, for Atlantic Richfield Co.

ORDER
DE MENT, District Judge.
This cause is now presented to the court on the Recommendation of the Magistrate Judge, filed December 2, 1997, Defendants' objections thereto, filed December 15, 1997 and January 2, 1998, and Plaintiffs' responses thereto, filed December 22, 1997.
The court has carefully read the Magistrate's Recommendation and considered the objections of counsel and responses thereto, and is of the opinion that said Recommendation is well taken and is due to be adopted, approved, and affirmed. It is, therefore, CONSIDERED and ORDERED as follows:
1. That Defendants' objections be, and the same are hereby, OVERRULED;
2. That the Recommendation of the Magistrate Judge in this cause, filed December 2, 1997, be and the same is hereby, ADOPTED, APPROVED, and AFFIRMED;
3. That Defendants' Motion to Extend the Term of the Injunction Order, filed October 8, 1997, and Defendant Citgo Petroleum Corporation's Motion in the Alternative to Modify and Extend the Term of the Injunction Order, filed November 10, 1997, be and the same are hereby DENIED.

RECOMMENDATION OF THE MAGISTRATE JUDGE
CARROLL, United States Magistrate Judge.

I. INTRODUCTION AND PROCEDURAL HISTORY
On August 5, 1996, United States District Judge Ira DeMent entered an injunction order at the request of the plaintiffs enjoining the plaintiffs and all others similarly situated "from prosecuting in any court any class action against the defendants named in this case which asserts claims on behalf of a class of property owners for damages allegedly resulting from or based on alleged leaks, releases or contamination from underground petroleum storage tanks." The injunction was due to expire on October 31, 1997 but was extended by the court until December 1, 1997 to facilitate scheduling. The defendants did not oppose the injunction and no potential class members challenged it. The court later entered orders staying all of the proceedings in this case to allow the vast majority of the parties to pursue mediation before Judge Charles Clark, former Chief Judge of the United States Court of Appeals for the Fifth Circuit. Mediation was unsuccessful and this court and the parties must now embark on the perilous path of judicial resolution of the important claims and issues which this lawsuit presents.[1] On October 8, 1997, a number of defendants filed a "Motion of Certain Defendants to Extend the Term of the Injunction Order."[2] Occidental Petroleum and Citgo later joined in the motion. All of the parties have been provided with the opportunity to fully brief the issues presented by the motion and the court held oral argument on the motion on November 14, 1997.

II. DISCUSSION
Any discussion about the propriety of extending the injunction in effect in this case must begin with a discussion of the injunction itself. The original injunction in this case, as noted above, was entered at the plaintiffs' request. The original purpose of the injunction was essentially to designate this court as *1341 the forum for resolving all pretrial issues including class certification. The defendants did not oppose the request for injunction. The court, therefore, entered the injunction order without a hearing. The court's injunction order, at the time, represented a common sense approach to an extremely complex and expensive case. The parties and their counsel who are the major national players in this type of litigation agreed to concentrate pretrial proceedings, including class certification, before the magistrate judge, and the district court judge did not see fit at that time to, sua sponte, raise concerns about the propriety of the injunction. Not long after the injunction was issued, the focus of the case shifted. Rather than focus on class certification, the plaintiffs and some of the defendants expressed a desire to pursue mediation. They also indicated that Judge Clark, the distinguished and former Chief Judge of the Fifth Circuit, had agreed to act as a mediator in this case. On February 21, 1997, this court held a status conference to discuss the possibility of mediation and a stay of all proceedings pending the outcome of mediation. After hearing from counsel and discussing both the issue of mediation and a stay of proceedings, the court, on February 24, 1997, issued an order staying all proceedings pending further order to allow mediation to proceed. The order also provided that the mediation was to be completed by August 15, 1997. The order was issued over the strenuous objections of some of the defendants. As the court noted in its order, mediation had much to commend it. This is a case which, if traditionally litigated, will require the expenditure of monumental amounts of judicial resources and will cost the parties tens of millions of dollars. A mediated settlement of either all or part of the claims could relieve the parties and the court of potentially tremendous burdens. Successful mediation was something devoutly to be wished for. However, it did not happen. Consequently, the court and counsel must now shift into a resource devouring litigation mode.
As noted above, the injunction which was initially issued in this case was sought by the plaintiffs and unopposed by the defendants. The defendants now seek a continuation of the injunction and the plaintiffs oppose it. Given the lack of agreement, the court must directly confront the question of whether it may lawfully issue an injunction which precludes similar litigation in any forum or jurisdiction.
There are two sources of power through which a federal court could issue an injunction to prevent the filing of other lawsuits in any court. The first source of power is the All Writs Act, 28 U.S.C. § 1651. That Act allows a federal court to issue "all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." The second source is the court's so-called inherent powers  powers vested in the courts upon their creation, see Michaelson v. United States, 266 U.S. 42, 45 S.Ct. 18, 69 L.Ed. 162 (1924), and not derived from any statute. See Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). The court must now determine whether either authority will support the injunction which is in place.

A. THE ALL  WRITS ACT
The All Writs Act "provid[e]s a federal court with various common law equity devices to be used incidental to the authority conferred on the court by rule or statute," but only "with those writs necessary to the preservation or exercise of its subject matter jurisdiction." ITT Community Dev. Corp. v. Barton, 569 F.2d 1351, 1359 (5th Cir.1978). The United States Supreme Court has recognized that federal courts may properly enjoin state proceedings "in aid of its jurisdiction" only when a state court so interferes with the federal court's consideration or disposition of a case as to "seriously impair the federal court's flexibility and authority to decide that case." Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs, 398 U.S. 281, 295, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970).[3]
*1342 The defendants have provided this court with no case and, indeed, the court has found none, which suggests that the court really has the power to issue an injunction as broad as the one currently in place. The principal thrust of the defendants' argument is that there is some inherent unfairness in allowing the plaintiffs to ask for the injunction, obtain it, and then oppose its continuance. The defendants also argue that they will be prejudiced if the plaintiffs are allowed, in the words of one defendant, "to metasasize this case into multiple other fora...."[4]
This case is already rife with accusations of unfairness leveled first by the plaintiffs at the defendants and now by the defendants at the plaintiffs. The court has avoided entry into that fray and will continue to do so. The critical point is that even if the plaintiffs are acting unfairly and arbitrarily in now opposing the injunction, their unfairness and arbitrariness cannot provide legal authority for an injunction where none exists.[5] The cases which have allowed injunctions against state court proceedings are cases in which a judgment had been entered by the federal court or is imminent, see Carlough v. Amchem Products, Inc., 10 F.3d 189 (3d Cir.1993), or where the federal court had spent so much time on a case that the lengthy litigation has become the virtual equivalent of a res. Battle v. Liberty National Life Ins. Co., 877 F.2d 877, 882 (11th Cir.1989). This case has been pending in this court for approximately 18 months. During seven of those months, all proceedings were stayed. Although the defendants have filed a large number of motions, the case is still in its infancy.
The power conferred on a federal court under the All Writs Act must be exercised with caution and restraint. A court may not rely on the Act to enjoin conduct that is "not shown to be detrimental to the court's jurisdiction." ITT Community Dev. Corp. v. Barton, 569 F.2d at 1359. Instead, any injunction under the Act must be "directed at conduct which, if left unchecked, would have had the practical effect of diminishing the court's power to bring the litigation to a natural conclusion." Id. (footnote omitted).
This court intends to proceed in an orderly fashion to resolve the serious and important issues which this case presents. The court has not yet decided how it will rule in such matters as the scope of discovery. It may be that the court issues rulings which the plaintiffs' counsel find objectionable. They may then make good on their threat to file litigation in other courts. That is their right even though it may require the defendants to defend on multiple fronts. The court knows of no case which holds that an injunction against other litigation may issue because the defendants will be called upon to defend their conduct in other states where they do business. Indeed, the "fact that a party may be better able to effectuate its rights and duties if a writ is issued never has been, and under the language of the [All Writs Act] cannot be, a sufficient basis for the issuance of the writ." Id. at 1360 (quoting United States v. New York Tele. Co., 434 U.S. 159, 189, 98 S.Ct. 364, 54 L.Ed.2d 376 (1977)) (J. Stevens, dissenting in part).[6] The defendants have made no showing that this court's subject matter jurisdiction or its ability *1343 to manage this case will be seriously impaired if the injunction currently in effect is allowed to expire. The fact that other litigation may be filed will not affect the ability of this court to hear and determine the motions to dismiss which are certain to be filed or the motion for class certification. There is, of course, the possibility that another court could certify a mandatory class. The mere existence of that possibility is not enough to justify or continue the injunction in this case.

B. INHERENT POWERS
This court could also allow the injunction to continue under an "inherent powers" theory. According to an exhaustive opinion by the Third Circuit, "the term inherent power has been employed in three general fashions." Eash v. Riggins Trucking Inc., 757 F.2d 557, 562-563 (3rd Cir.1985). The injunction at issue in this case would fall within the use of inherent power which encompasses those powers "sometimes said to arise from the nature of the court but more often thought to be necessary to the exercise of all others." Id. (citations omitted) in the words of another court, "[f]or the most part, these powers are those deemed necessary to protect the efficient and orderly administration of justice and those necessary to command respect for the court's orders, judgments, procedures and authority." In re Stone, 986 F.2d 898, 902 (5th Cir.1993).
It is clear to the court, based on its reading of the applicable case law, that a court's authority to issue an injunction against other litigation under its inherent powers is no broader than its authority under the All Writs Act. As the former Fifth Circuit has noted:
At first blush it might appear that inherent powers are broader in scope than those conferred by the All Writs Act because of the absence of a reference to "jurisdiction." The limitation that inherent powers be used only as required for the performance of duties suggests, however, that the exigencies of the pending litigation dictate the breadth of a court's discretion to invoke these powers just as they operate to bridle a court's discretion under the All Writs Act.
ITT Community Dev. Corp. v. Barton, 569 F.2d at 1360. The injunction which the court entered and which the defendants wish to have extended is not authorized under the All Writs Act and cannot be sustained as a proper exercise of this court's inherent power. This court cannot issue an injunction under its inherent power which would violate the All Writs Act.

C. THE CITGO ISSUE
CITGO argues in its memorandum that the concerns of the court regarding the overbreadth of the injunction can be cured by narrowing the scope of the Injunction Order. CITGO writes
... in the event that the court is concerned about the effect of its Injunction Order on absent third parties, CITGO respectfully requests that it narrow the scope of the Injunction Order to apply only to the parties, their attorneys or their agents. Such a modified Injunction Order would not preclude the possibility of duplicative state action proceedings filed by third parties, but it would seal off the most likely threat to this Court's flexibility and authority to manage this case to a successful conclusion.[7]
The suggestion of CITGO would, indeed, ameliorate some of the harshness of the Injunction as it applies to third parties. It does not, however, remedy the problem which this court views as the primary one. This court has no authority at this stage of the litigation to enjoin the parties and counsel before the court from engaging in other litigation. The fact that other litigation may be filed does not seriously impair this court's ability to decide the issues before it. This court can and will decide the motions to dismiss and the motions for class certification. The defendants have failed to show how the possibility that other lawsuits may be filed will in any way affect this court's power to process this case in an orderly and fair fashion.

*1344 III. CONCLUSION
For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that the Motion of Certain Defendants to Extend the Term of the Injunction Order filed October 8, 1997 (Doc # 171) and Defendant Citgo Petroleum Corporation's Motion in the alternative to Modify and Extend the Term of the Injunction Order filed November 10, 1997 (Doc # 190) be DENIED
Dec. 2, 1997.
NOTES
[1] These matters were referred to this court for a recommendation for resolution pursuant to 28 U.S.C. § 636(B).
[2] The motion was filed on behalf of the following defendants  Amoco Oil Company, Atlantic Richfield Company, BP Exploration & Oil, Inc., Chevron, USA, Inc., Citgo Petroleum Corporation, Conoco, Inc., Diamond Shamrock Refining and Marketing Company, Exxon Corporation d/b/a Exxon Company USA, Fina Oil and Chemical Company, Mobil Oil Corporation, Phillips Petroleum Company; Shell Oil Company, Star Enterprise, Texaco Refining and Marketing, Inc., and Unocal Service Corporation. Occidental Petroleum Services, Inc. formally joined in the motion on October 10, 1997. On November 10, 1997, Citgo filed a Motion in the Alternative to Modify and Extend the Term of the Injunction.
[3] This decision construes the "in aid of jurisdiction" exception relating to the Anti-Injunction Act and not the All Writs Act. The "in aid of jurisdiction" language in the Anti-Injunction Act is a mirror image of the language in the All Writs Act. Both statutes "direct similar and parallel grants of authority to federal courts." Cinel v. Connick, 792 F.Supp. 492, 496 (E.D.La.1992). Consequently, decisions construing the Anti-Injunction Act are instructive to the decision in this case even though this case involves the All-Writs Act.
[4] Defendant Citgo Petroleum Corporation's Memorandum in Support of its Motion in the Alternative to Modify and Extend the Term of the Injunction Order at 7.
[5] So there is no question, the court makes no finding on the propriety of either the conduct of the plaintiffs' counsel or the defendants, counsel in the case.
[6] In its memorandum, CITGO argues that the All Writs Act permits to enjoin parties from filing duplicative and vexatious litigation, implying that other similar litigation would be vexatious. Two cases were cited to support that argument. The cases are simply inapposite. The first case, Jones v. City of Buffalo, 867 F.Supp. 1155 (W.D.N.Y. 1994), involves the efforts of a federal district court to rein in a pro se litigant who had a history of filing frivolous litigation. The other case, Sperry Rand Corp. v. Rothlein, 288 F.2d 245 (2nd Cir.1961), involved an injunction relating to discovery matters.
[7] CITGO Memorandum at 10.