Lussier v. Subaru of N.E.                    CV-99-109-B    04/17/00

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


George Lussier Enterprises, Inc.
d/b/a Lussier Subaru, et al.

       v.                                    Civil No. 99-109-B
                                             Opinion No. 00DNH092
Subaru of New England, Inc., et al.


MEMORANDUM AND ORDER


_____Seven current and former New England Subaru dealers have

brought a class action complaint against their distributor,

Subaru of New England, Inc. ("SNE"), and SNE's sole shareholder,

Ernest Boch.[1]  The dealers allege that SNE and Boch have engaged

in an "option-packing scheme," by which they used their power to

allocate or withhold certain desirable vehicles to coerce the

dealers to purchase unwanted accessories.  The dealers claim that

this practice constitutes a violation of federal antitrust laws,

the federal RICO statute, and various state dealer protection

_____

    [1]  While the dealers seek class certification for all
entities or individuals who owned a New England Subaru dealership
between January 1, 1995 and the present, see First Am. Compl.
(Doc. #31) ¶ 42, the court has not at this time certified any
class of plaintiffs.

statutes, as well as a breach of their dealer contracts.[2]

The dealers have filed a motion for preliminary injunction, claiming that SNE is impeding their ability "to prosecute their claims through the legal process." Pls.' Mot. for T.R.O. and Prelim. Inj. (Doc. #43) at 5.[3] Among their specific requests for relief is a preliminary injunction preventing SNE from proceeding with a pending Massachusetts state court termination action against one of the named plaintiffs, Subaru of Wakefield.[4] The

---

[2] The dealers' factual allegations and legal claims are described in detail in two previous orders in which I ruled on the defendants' motions to dismiss the federal causes of action for failure to state a claim. See George Lussier Enters., Inc. v. Subaru of New England, Inc., Civil No. C-99-109-B, 1999 WL 1327396 (D.N.H. Dec. 13, 1999) (denying motion to dismiss dealers' antitrust claim against SNE); George Lussier Enters., Inc. v. Subaru of New England, Inc., Civil No. C-99-109-B (D.N.H. Jan. 13, 2000) (granting motion to dismiss dealers' RICO claims against SNE; granting in part and denying in part motion to dismiss dealers' RICO claim against Boch).

[3] The dealers' motion requested both a temporary restraining order and a preliminary injunction. In a previous order, I denied the motion for temporary restraining order.

[4] SNE has also initiated termination actions against two other New England Subaru dealers: Bald Hill Subaru (which is a plaintiff in the present suit) and Tri-State Subaru (which is not a plaintiff in this suit). The defendants have stipulated, however, that these two actions will be stayed until the present litigation is resolved, except that the stay with respect to Tri-State shall end if the dealers' motion for class certification is denied. See SNE and Boch's Further Status Report (Doc. #76) at

dealers also ask me to enjoin SNE from (1) attempting to coerce, intimidate, harass, or retaliate against any Subaru dealer because of his or her participation in or support for this suit, and (2) taking any future action to terminate any dealer unless SNE first shows good cause for such termination before this court. See Pls.' Mot. for T.R.O. and Prelim. Inj. (Doc. #43) at 6.

I assigned the dealers' motion for a preliminary injunction to Magistrate Judge James R. Muirhead for a Report and Recommendation. After conducting an evidentiary hearing, Magistrate Judge Muirhead recommended that I grant the dealers' request for a preliminary injunction. See Report and Recommendation (Doc. #80). SNE and Boch have objected to the Report and Recommendation on various grounds. See Defs.' Objs. to Report and Recommendation (Doc. #89). Both defendants have also filed a separate motion seeking approval to proceed to trial in the termination action against Subaru of Wakefield (Doc. #91). In this order, I address the defendants' contention that the Anti-Injunction Act, 28 U.S.C. § 2283, bars the court from

---

1. Accordingly, the dealers' request for a preliminary injunction is moot as to the Bald Hill and Tri-State actions.

enjoining the state court termination action against Subaru of Wakefield. I will address the Magistrate Judge's other recommendations in a separate order.

## I.

Since 1793, some form of anti-injunction legislation has operated to prevent "the inevitable friction" that results when a federal court enjoins state court proceedings. Chick Kam Choo v. Exxon Corp., 486 U.S. 140, 146 (1988) (quoting Vendo Co. v. Lektro-Vend Corp., 433 U.S. 623, 630 (1977) (plurality opinion)) (internal quotation marks omitted). While "[t]he precise origins of the legislation are shrouded in obscurity," Mitchum v. Foster, 407 U.S. 225, 232 (1972), the Supreme Court has explained that this restriction on the power of federal courts is essential to the harmonious operation of our dual system of state and federal courts. See Chick Kam Choo, 486 U.S. at 146; Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs, 398 U.S. 281, 285-86 (1970).

The present Anti-Injunction Act, 28 U.S.C. § 2283, which dates back to 1948, see Mitchum, 407 U.S. at 233, 236, provides that "[a] court of the United States may not grant an injunction

to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283 (1994). As this language plainly indicates, the Act is "an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions."[5] Atlantic Coast Line, 398 U.S. at 286; see also Vendo, 433 U.S. at 630 (plurality opinion). Because the general prohibition on such injunctions stems at least in part from "the fundamental constitutional independence of the States and their courts," the Supreme Court has admonished lower courts that the three statutory exceptions "should not be enlarged by loose statutory construction." Atlantic Coast Line, 398 U.S. at 287; see also Casa Marie, Inc. v. Superior Court of Puerto Rico, 988 F.2d 252, 261 (1st Cir. 1993) (noting that statutory exceptions to § 2283 "must be narrowly construed"). The same considerations of federalism and comity have prompted

---

[5] Notwithstanding the Anti-Injunction Act's unequivocal language, the Supreme Court has recognized an additional exception for suits brought by the United States. See Leiter Minerals, Inc. v. United States, 352 U.S. 220 (1957). Of course, this exception does not apply here because the United States is not a party to the litigation.

the Court to instruct federal courts that "[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." Atlantic Coast Line, 398 U.S. at 297.

It is undisputed that the dealers are seeking a federal injunction that effectively would enjoin a pending state court action.[6] Moreover, the dealers do not contend that the injunction they seek is either "expressly authorized by [an] Act of Congress" or necessary "to protect or effectuate [the court's] judgments." Accordingly, the critical question I must answer is whether the requested injunction is "necessary in aid of [this Court's] jurisdiction."

## II.

The "necessary in aid of . . . jurisdiction" exception incorporates a longstanding rule that a court exercising in rem

---

[6] The Anti-Injunction Act applies to the dealers' request that this court enjoin the state suit, even though dealers seek an injunction addressed to SNE rather than to the Massachusetts court. See Atlantic Coast Line, 398 U.S. at 287; Casa Marie, 988 F.2d at 261 n.8.

-6-

jurisdiction may enjoin other actions involving the same res.
See Vendo, 433 U.S. at 641 (plurality opinion); James v.
Bellotti, 733 F.2d 989, 993 (1st Cir. 1984). Consequently,
courts have traditionally concluded that the exception does not
apply to in personam actions brought concurrently in state and
federal court.[7] See, e.g., Vendo, 433 U.S. at 642 (plurality
opinion); Kline v. Burke Constr. Co., 260 U.S. 226, 230 (1922);
Hayes Indus., Inc. v. Carribean Sales Assocs., Inc., 387 F.2d
498, 501 (1st Cir. 1968). In Kline, the Supreme Court explained
that "a controversy over a mere question of personal liability
does not involve the possession or control of a thing, and an
action brought to enforce such a liability does not tend to
impair or defeat the jurisdiction of the court in which a prior
action for the same cause is pending." 260 U.S. at 230.
Applying the mechanical distinction between in rem and in

_____

[7] The Reviser's Note accompanying the 1948 revision of the Act suggests that the "necessary in aid of . . . jurisdiction" exception applies to in personam actions that are removed from state court because the exception was intended "to make clear the recognized power of the Federal courts to stay proceedings in State cases removed to the district courts." See 28 U.S.C. § 2283 (Reviser's Note). This limited exception is inapplicable here because the dealers initiated this action in federal court and are not seeking to stay a state court proceeding in a removed case.

personam jurisdiction, the <u>Kline</u> Court articulated a basic rule for parallel state and federal proceedings: "[W]here the action first brought is <u>in personam</u> and seeks only a personal judgment, another action for the same cause in another jurisdiction is not precluded." <u>Id.</u>

While the general rule that the "necessary in aid of . . . jurisdiction" exception does not apply to in personam actions still has force as a general principle, <u>see</u> <u>Vendo</u>, 433 U.S. at 641-42 (plurality opinion); Erwin Chemerinsky, <u>Federal Jurisdiction</u> § 11.2.3 (3rd ed. 1999), several circuit courts have relied on the exception to justify injunctions of state court proceedings that threaten to undermine proposed settlements in complex class action cases. <u>See, e.g.,</u> <u>Carlough v. Amchem Prods., Inc.</u>, 10 F.3d 189, 203-04 (3d Cir. 1993); <u>Battle v. Liberty Nat'l Life Ins. Co.</u>, 877 F.2d 877, 880-82 (11th Cir. 1989); <u>In re Baldwin-United Corp.</u>, 770 F.2d 328, 336-38 (2d Cir. 1985); <u>In re Corrugated Container Antitrust Lit.</u>, 659 F.2d 1332, 1334-35 (5th Cir. 1981). The First Circuit has not squarely confronted the question, but has suggested in dictum that the exception might apply to an in personam case if the injunction was "necessary to prevent a state court from so interfering with

a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." James v. Bellotti, 733 F.2d at 993 (quoting Atlantic Coast Line, 398 U.S. at 295).

The class actions in which federal courts have issued or affirmed injunctions against state court proceedings share certain common features. First, these cases generally were particularly complex, ongoing suits in which the court and the parties had expended a tremendous amount of time and resources that might go to waste if competing state court proceedings were allowed to proceed. See, e.g., Battle, 877 F.2d at 880-81; In re Baldwin-United, 770 F.2d at 337; In re Corrugated Container, 659 F.2d at 1334-35. Second, these cases generally had reached a stage where a settlement was either imminent or in effect; the injunction thus was seen as necessary to stay state court proceedings that threatened to obstruct the federal court's ability to finalize or administer the settlement. See, e.g., Carlough, 10 F.3d at 203-04; Battle, 877 F.2d at 881-882; In re Baldwin-United, 770 F.2d at 336-38; James v. Bellotti, 733 F.2d at 994 (dictum); In re Corrugated Container, 659 F.2d at 1335; In re Painewebber Ltd. Partnerships Lit., No. 94 CIV. 8547 SHS, 1996

WL 374162, at *3 (S.D.N.Y. July 1, 1996); Gross v. Barnett Banks, Inc., 934 F. Supp. 1340, 1345-46 (M.D. Fla. 1995); In re Joint E. and S. Dist. Asbestos Lit., 134 F.R.D. 32, 37 (E.D.N.Y. 1990). Third, the state court proceedings enjoined in these cases generally raised issues that were the same as or substantially similar to those presented in the federal action (i.e., the state and federal actions were "parallel" or "conflicting" proceedings). See, e.g., Carlough, 10 F.3d at 195-96; Battle, 877 F.2d at 881; In re Baldwin-United, 770 F.2d at 337; In re Corrugated Container, 659 F.2d at 1334; Gross, 934 F. Supp. at 1346.

The dealers' suit against SNE and Boch shares none of these characteristics. Although the dealers seek class certification, at this point the court has not certified any class of plaintiffs. Moreover, while this action was originally filed over one year ago (on March 5, 1999), the case is still at an early stage.[8] The court ruled on the defendants' motions to

---

[8] In its posture, if not its scale, the present case is comparable to Williams v. Balcor Pension Investors, No. 90 C 0726, 1990 WL 160084 (N.D. Ill. Oct. 17, 1990), in which the district court denied a motion to stay a related state court action. The Williams court noted that "[a]lthough counsel have represented to the Court that plaintiffs seek to certify a class

-10-

dismiss for failure to state a claim on December 13, 1999 and January 13, 2000, the defendants filed their answer to the dealers' amended complaint on February 4, 2000, and the parties' discovery plan was approved by the court on March 4, 2000. At this time, there appears to be no prospect of any settlement for the court to administer or protect from competing state court proceedings.[9] Finally, and most importantly, the pending state suit at issue here -- SNE's declaratory judgment action against Subaru of Wakefield -- focuses on issues not squarely presented

_____

in excess of 100,000 members with monetary claims of several billion dollars, the motion for class certification is not yet fully briefed nor are the proceedings so far advanced that this Court could in good faith characterize them as a res over which it must exercise exclusive control." Id. at *3. See also Peters v. Brants Grocery, 990 F. Supp. 1337, 1342 (M.D. Ala. 1998) (denying request for an injunction against competing actions in other courts because, inter alia, "the case is still in its infancy") (under All Writs Act).

[9] In In re General Motors Corp. Pick-Up Truck Fuel Tank Products Liability Litigation, 134 F.3d 133 (3d Cir. 1998), a class action product liability suit in which the Third Circuit held that the Anti-Injunction Act precluded it from enjoining parallel state court proceedings, the court noted that "in those cases . . . where a state action has been enjoined, the federal court had already approved or conditionally approved its own settlement or the approval was imminent. That is not the case here." Id. at 144-45.

in the action before this court.[10]

Consequently, I conclude that the "necessary in aid of . . . jurisdiction" exception to the Anti-Injunction Act does not apply to the present case. Put simply, SNE's state court declaratory judgment action against Subaru of Wakefield does not encroach upon this court's jurisdiction. I will have jurisdiction to resolve the claims raised in this action regardless of how the Massachusetts court's decision is resolved. The Magistrate Judge's findings of fact, which I assume to be correct for purposes of this analysis, lead to the conclusion that SNE has used the termination action to retaliate against Subaru of Wakefield. Nevertheless, SNE obviously has not deterred Subaru of Wakefield and the other named class members from vigorously representing the interests of the proposed class. Thus, while

---

[10] See ONBANCorp, Inc. v. Holtzman, No. 96-CV-1700(RSP/DNH), 1997 WL 381779, at *6 (N.D.N.Y. June 27, 1997) ("The federal action and the state action are both in personam actions and involve different causes of action. Therefore, the 'aid of jurisdiction' exception is not available."), aff'd, 125 F.3d 844, 1997 WL 624863 (2d Cir. Oct. 9, 1997) (table, text available on Westlaw); Maryland Cas. Co. v. W.R. Grace & Co., Nos. 88 CIV. 2613 (SWK), 71971, 1993 WL 322809, *5 (S.D.N.Y. Aug. 19, 1993) ("The case at hand is much broader and involves many more issues than those at stake in the [state court] proceedings. Thus the state court proceeding in no way impairs this Court's ability to decide the case before it.") (under All Writs Act).

SNE's actions may threaten individual New England Subaru dealers, they do not interfere with this court's jurisdiction.

Moreover, Subaru of Wakefield has adequate recourse in the Massachusetts courts for its claim that the proposed termination is retaliatory. The Massachusetts dealer protection statute provides both SNE and Subaru of Wakefield with the opportunity to petition a state court for a determination of whether the termination is for good cause. See Mass. Gen. Laws Ann. ch. 93B, § 4(3)(e)(3) (West 1997). A party filing such a petition is entitled to a speedy trial and the state court has authority to stay the effective date of termination while the matter is under consideration. See id. Here, SNE has submitted its proposal to terminate Subaru of Wakefield to this process of state court review. The plaintiffs have not argued that the state court is biased against Subaru of Wakefield or that it lacks the capacity to fully and fairly resolve the dispute before it. If SNE's attempt to terminate Subaru of Wakefield is unwarranted, the dealer has an adequate and expeditious source of relief in the pending Massachusetts proceeding. Under these circumstances, the principles of federalism and comity that animate the Anti-Injunction Act counsel restraint. See Merrill Lynch, Pierce,

<u>Fenner & Smith, Inc. v. Haydu</u>, 675 F.2d 1169, 1173 (11th Cir. 1982) ("There is no indication that the state court here is incapable of resolving this dispute. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.").

## CONCLUSION

For the foregoing reasons I deny Plaintiffs' Motion for Preliminary Injunction (Doc. # 43) to the extent that it requests this court to enjoin SNE from proceeding with the declaratory judgment action pending against Subaru of Wakefield in Middlesex Superior Court. For the same reasons, I grant defendants' motion for approval to proceed with that action (Doc. #91).

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

April 17, 2000

cc: Richard McNamara, Esq.
    William Kershaw, Esq.
    Michael Harvell, Esq.
    Howard Cooper, Esq.
    Robert Cordy, Esq.

-14-